**PARIS ACKERMAN & SCHMIERER LLP**
Ross H. Schmierer, Esq.
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-6667
ross@paslawfirm.com

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq.
(*Pro Hac Vice Pending*)
369 S. Doheny Dr., #415
Beverly Hills, CA 90211
Telephone: (877) 206-4741
tfriedman@attorneysforconsumers.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD MARCUS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>DEXCEL PHARMA TECHNOLOGIES LTD. and DEXCEL LTD.,<br><br>Defendants. | Case No.:<br><br><br><br>**COMPLAINT AND JURY DEMAND – CLASS ACTION SEEKING INJUNCTION AND INDIVIDUAL DAMAGES** |

## INTRODUCTION

1.     Richard Marcus ("Plaintiff") brings this class action complaint individually, and on behalf of all others similarly situated, against Dexcel Pharma Technologies Ltd. and Dexcel Ltd. (hereinafter collectively, the "Defendants") for violations of the Telephone Consumer Protection Act ("TCPA") for transmitting one or more facsimiles advertising the commercial availability or quality of property, goods, or services, without having obtained prior express invitation or permission to transmit said facsimiles, at any time during the period beginning four

1

(4) years prior to the commencement of this action and continuing until the present in addition in to failing to include in said facsimile advertisements the mandated proper notice of the recipient's ability to opt-out of receiving such facsimiles in further violation of the TCPA.

2.      Plaintiff's claims arise under the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(C), and the regulations, 47 C.F.R. § 64.1200(a)(3), promulgated thereunder (hereinafter referred to collectively as "TCPA" unless otherwise indicated). Plaintiff seeks statutory damages and injunctive relief.

3.      The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner, and the use of its fax machine. The recipient also wastes valuable time it would have spent on other matters. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.  Regulations enacted pursuant to the TCPA also prohibit the sending of *unsolicited or solicited* facsimile advertisements that do not contain proper opt-out notices.

## JURISDICTION AND VENUE

4.      This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

5.      The Court has personal jurisdiction over Dexcel Pharma Technologies Ltd. by virtue of, *inter alia*, its systematic and continuous contacts with the State of New Jersey.

6.      The Court has personal jurisdiction over Dexcel Ltd. by virtue of, *inter alia*, its systematic and continuous contacts with the State of New Jersey.

2

7.      Upon information and belief, Dexcel Ltd. develops, manufactures, and/or distributes generic drugs for sale and use throughout the United States, including in this Judicial District.

8.      Upon information and belief, Dexcel Pharma Technologies Ltd., with the assistance and/or at the direction of Dexcel Ltd., develops, manufactures, distributes, markets, offers to sell, and sells generic drug products for sale and use throughout the United States, including within this Judicial District.

## PARTIES

9.      Plaintiff, Richard Marcus, was and is at all relevant times herein, a citizen of New Jersey.

10.      Upon information and belief, Defendant Dexcel Pharma Technologies Ltd. is a corporation organized and existing under the laws of Israel, having a principal place of business at 1 Dexcel Street Or-Akiva, Israel 3060000. Upon information and belief, Dexcel Pharma Technologies Ltd. is in the business of, among other things, manufacturing and selling generic copies of branded pharmaceutical products throughout the United States, including in this Judicial District.

11.      Upon information and belief, Dexcel Ltd. is a corporation organized and existing under the laws of Israel, having a principal place of business at 1 Dexcel Street Or-Akiva, Israel 3060000. Upon information and belief, Dexcel Ltd. is in the business of, among other things, manufacturing and selling generic copies of branded pharmaceutical products throughout the United States, including in this Judicial District.

12.      Additionally, upon information and belief, the Defendants have previously consented to this Court's jurisdiction and have availed themselves of the protections afforded by the Court by asserting patent infringement claims in this Judicial District. *See e.g.*, *Dexcel Pharma Technologies Ltd., et al v. Sun Pharma Global FZE, et al*., Civil Action No. 2:15-cv-

08017 (SDW)(LDW);   *Dexcel Pharma Technologies Ltd., et al v. Apotex Corp., et al.* Civil Action No. 2:15-cv-08010 (SDW)(LDW); *Dexcel Pharma Technologies Ltd., et al v. Dr. Reddy's Laboratories, Ltd.* Civil Action No. 2:15-cv-08042 (SDW)(LDW).

13.     Alternatively, to the extent the above facts do not establish personal jurisdiction over the Defendants, this Court may exercise jurisdiction over the Defendants pursuant to Fed. R. Civ. P. 4(k)(2) because: (a) Plaintiff's claims arise under federal law; (b) the Defendants would be foreign defendants not subject to personal jurisdiction in the courts of any State; and (c) Defendants have sufficient contacts with the United States as a whole, including, but not limited to, manufacturing and selling generic pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Defendants satisfies due process.

14.     Upon information and belief, Defendants manufacture and/or distribute generic drugs for sale and use throughout the United States, including in this Judicial District.

15.     This Court has personal jurisdiction over the Defendants because, *inter alia*, the Defendants, upon information and belief: (1) have substantial, continuous, and systematic contacts with this State; (2) intend to market, sell, and/or distribute its products to residents of this State; (3) have availed themselves of the Courts of this State and in this Judicial District; (4) maintain a broad distributorship network within this State; and (5) upon information and belief, enjoy substantial income from sales of its generic pharmaceutical products in this State.

16.     The Defendants are and at all relevant times mentioned herein a "person" as defined by 47 U.S.C. § 153 (39).

17.     At all times relevant hereto, while conducting business in New Jersey, Defendants have been subject to, and required to abide by the laws of the United States which include the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and its related regulations that are set forth at 47 C.F.R. § 64.1200 (the "TCPA Regulations"), as well as the

opinions, regulations and order issued by courts and the Federal Communication Commission ("FCC") implementing, interpreting and enforcing the TCPA and the TCPA Regulations.

18.     Defendants Does 1-10 whose identities are not known at this time, but whose identities will be obtained in discovery.  Such Does may include persons or business entities. It is believed that said Does had a substantial involvement in the occurrences that are the subject of this complaint in that they were involved in the sending of the facsimile advertisements described below. Such Does benefited from the acts complained of and had a substantial role in causing the acts complained of.

19.     At all times described herein, DOES Defendants, were acting on their own behalf and as the agents, servants, partners, joint venturers, and employees of each other, and within the scope of their agency, authority and employment.

## FACTUAL ALLEGATIONS

20.     At all times relevant to the complaint herein, Defendants engaged in telecommunications by means of telephone facsimile machines as defined by the TCPA 47 U.S.C. § 227(a)(3).

21.     Upon information and belief, Defendants regularly advertise their goods and services to recipients by transmitting fax advertisements.

22.     Upon information and belief, the faxes were sent by means of a telephone facsimile machine that has the capacity to transcribe text or images, or both, from paper into an electronic signal and to transmit that signal over a regular telephone line, or onto paper, and send thousands of faxes per day to facsimile numbers that were preselected by Defendants.

23.     Upon information and belief, Defendants have no procedure or means for recipients who do not consent to receiving the faxes to stop receiving them.

24.     In this instant case, Defendants have no prior established business relationship with Plaintiff.  Plaintiff had never in the past used Defendants' services, nor given Defendants consent to receive unsolicited fax advertisements from Defendants.

25.     Within four (4) years prior to the commencement of this action, Defendants, or a third party agent acting on behalf of Defendants, willfully and knowingly transmitted facsimiles to Plaintiff that advertised the commercial availability or quality of property, goods, or services.

26.     Specifically, on or about October 7, 2015, the Defendants caused to be delivered, which Plaintiff received at Plaintiff's facsimile number ending in 4993, facsimile advertisements which solicited Plaintiff's business by sending Plaintiff information regarding a PerioChip.  *See* Exhibit A.

27.     Defendants' facsimile advertisement further failed to properly advise Plaintiff of the right, method or process of how to opt-out of receiving further such facsimile advertisements from Defendants in the future.  *See* Exhibit A.

28.     Plaintiff did not give Defendants, or any third party acting on behalf of Defendants, prior express invitation or permission to transmit the aforementioned facsimiles, thereby rendering them unsolicited.

29.     Plaintiff did not agree to make available its facsimile number for advertisement in a directory.

30.     Defendants transmitted at least one (1) unsolicited advertisement to Plaintiff. Discovery may reveal the transmission of additional faxes.

31.     Defendants' transmission of unsolicited fax advertisements to Plaintiff and the putative class members is in direction violation of 47 U.S.C. § 227(b)(1)(C), which specifically prohibits the:

use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement, unless—

(i) the unsolicited advertisement is from a sender with an established business relationship with the recipient;

(ii) the sender obtained the number of the telephone facsimile machine through—

(I) the voluntary communication of such number, within the context of such established business relationship, from the recipient of the unsolicited advertisement, or

(II) a directory, advertisement, or site on the Internet to which the recipient voluntarily agreed to make available its facsimile number for public distribution, except that this clause shall not apply in the case of an unsolicited advertisement that is sent based on an established business relationship with the recipient that was in existence before July 9, 2005, if the sender possessed the facsimile machine number of the recipient before July 9, 2005; and

(iii) the unsolicited advertisement contains a notice meeting the requirements under paragraph (2)(D).

32.     Defendants failed to provide the proper notice to Plaintiff and the putative class members of the method and/or process of how to opt-out of receiving such future facsimile advertisements with  the all of the requirements of 47 U.S.C. § 227(b)(2)(D).

33.     Specifically, Defendants failed to comply with the statute, which requires: a notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if—

(i) the notice is clear and conspicuous and on the first page of the unsolicited advertisement;

(ii) the notice states that the recipient may make a request to the sender of the unsolicited advertisement not to send any future unsolicited advertisements to a telephone facsimile machine or machines and that failure to comply, within the shortest reasonable time, as determined by the Commission, with such a request meeting the requirements under subparagraph (E) is unlawful;

(iii) the notice sets forth the requirements for a request under subparagraph (E);

(iv) the notice includes—

(I) a domestic contact telephone and facsimile machine number for the recipient to transmit such a request to the sender; and

(II) a cost-free mechanism for a recipient to transmit a request pursuant to such notice to the sender of the unsolicited advertisement; the Commission shall by rule require the sender to provide such a mechanism and may, in the discretion of the Commission and subject to such conditions as the Commission may prescribe, exempt certain classes of small business senders, but only if the Commission determines that the costs to such class are unduly burdensome given the revenues generated by such small businesses.

34.     Defendants, whose products or services were advertised, or whose clients' and/or agents' products or services were advertised in the faxes, derived economic benefit from the sending of these faxes.

## CLASS ACTION ALLEGATIONS

35.     Plaintiff brings this action individually and on behalf of and all others similarly situated ("the Class").

36.     Plaintiff represents, and is a member of, the Classes, consisting of:

   a. All persons in the United States who received any unsolicited fax advertisement on their telephone facsimile machines from Defendants or their agents(s) and/or employee(s) within the four years prior to the filing of the Complaint.

   b. All persons in the United States who received any unsolicited fax advertisement on their telephone facsimile machines from Defendants or their agent(s) and/or employee(s) where said advertisements failed to properly notify the recipient of their ability to opt-out of receiving such fax advertisements from Defendants in the future.

8

37.     Defendants and their employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes, but believe the Class members number in the thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

38.     Plaintiff and members of the Classes were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through their agents, illegally contacted Plaintiff and the Class members via their telephone facsimile machines by either: 1) sending unsolicited fax advertisements; or 2) sending fax advertisements which failed to properly inform Plaintiff and the class members of their ability to opt-out of receiving such fax advertisements from Defendants in the future.  Plaintiffs and the Class members were damaged thereby.

39.     This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

40.     The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendants' records or Defendants' agents' records.

41.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Classes predominate over questions which may affect individual Class members, including the following:

    a.     Whether, within the four years prior to the filing of this Complaint, Defendants or their agents sent any unsolicited fax advertisements to a Class member;

b.    Whether, within the four years prior to the filing of this Complaint, Defendants or their agents sent any fax advertisement to a Class member which failed to properly advise the recipient of an ability to opt-out of receiving such future fax advertisements from Defendants;

c.    Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

d.    Whether Defendants and their agents should be enjoined from engaging in such conduct in the future.

42.    As a recipient of unsolicited fax advertisements from Defendants and of fax advertisements which failed to properly advise of Plaintiff's ability to opt-out, Plaintiff is asserting claims that are typical of the Class.  Plaintiff will fairly and adequately represent and protect the interests of the Classes in that Plaintiff has no interests antagonistic to any member of the Classes.

43.    Plaintiff and the members of the Classes have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct.  Absent a class action, the Classes will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

44.    Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

45.    A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendants to comply with federal and state laws.  The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual

10

action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

46.     Defendants have acted on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## COUNT I

### Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227

47.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

48.     At all times herein, Plaintiff was and is entitled to the rights, protections and benefits provided under the Telephone Consumer Protection Act, 47 U.S.C. § 227.

49.     The transmission of facsimiles to Plaintiff as set forth above, violated 47 U.S.C. § 227(b)(1)(C).

50.     Based upon the foregoing, Plaintiff is entitled to statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 227(b)(3)(C).

51.     Based upon the foregoing, Plaintiff is entitled to an Order, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Defendants from transmitting any advertisements in violation of 47 U.S.C. § 227(b)(1)(C).

## COUNT II

### Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227

52.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

53.     At all times herein, Plaintiff was and is entitled to the rights, protections and benefits provided under the Telephone Consumer Protection Act, 47 U.S.C. § 227.

54.     The transmission of facsimiles to Plaintiff as set forth above, violated 47 U.S.C. § 227(b)(2)(D).

55.     Based upon the foregoing, Plaintiff is entitled to statutory damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) and 227(b)(3)(C).

56.     Based upon the foregoing, Plaintiff is entitled to an Order, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Defendants from transmitting any advertisements in violation of 47 U.S.C. § 227(b)(2)(D).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff and members of the Class respectfully pray for the relief:

A.      On the First Count and Second Count, as a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(2)(D), Plaintiff and each member of the Class is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

B.      On the First Count and Second Count, as a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(b)(2)(D), Plaintiff and each member of the Class is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and;

C.      An Order, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Defendants from violating 47 U.S.C. § 227(b)(2)(D); and

D.      For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, on behalf of themselves and all others similarly situated, demands a trial by jury on all questions of fact raised by the complaint.

Dated: December 29, 2015

**PARIS ACKERMAN & SCHMIERER LLP**

By:     s/ Ross H. Schmierer
        Ross H. Schmierer, Esq.
        103 Eisenhower Parkway
        Roseland, NJ  07068
        (T): (973) 228-6667
        (F): (973) 629-1246
        ross@paslawfirm.com


**LAW OFFICES OF TODD M. FRIEDMAN**
Todd M. Friedman (SBN 216752)
369 S. Doheny Dr., #415
Beverly Hills, CA 90211
(T): (877) 206-4741
(F): (866) 633-0228
tfriedman@attorneysforconsumers.com
***PRO HAC VICE pending***

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

        I certify that, to the best of my knowledge, this matter is not the subject of any other

action pending in any court or of any pending arbitration or administrative proceeding.


                    **PARIS ACKERMAN & SCHMIERER LLP**
                    *Attorneys for Plaintiffs*

        By:     s/ Ross H. Schmierer
                Ross H. Schmierer, Esq.
                103 Eisenhower Parkway
                Roseland, New Jersey 07068
                (973) 228-6667
Dated: December 29, 2015        ross@paslawfirm.com

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq. (CA SBN: 216752)
*(Pro Hac Vice Pending)*
tfriedman@attorneysforconsumers.com
369 S. Doheny Dr., #415
Beverly Hills, CA 90211
Telephone: (877) 206-4741
Facsimile: (866) 633-0228